# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 21-0676V
UNPUBLISHED

| | |
|---|---|
| TRACY JEFFERIES,<br><br>     Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>     Respondent. | Chief Special Master Corcoran<br><br>Filed: April 17, 2023<br><br>Special Processing Unit (SPU); Damages Decision Based on Proffer; Tetanus Diphtheria acellular Pertussis (Tdap) Vaccine; Shoulder Injury Related to Vaccine Administration (SIRVA) |

*Catherine Costigan*, Maglio, Christopher & Toale, Washington, DC, for Petitioner.

*Andrew Henning*, U.S. Department of Justice, Washington, DC, for Respondent.

**DECISION AWARDING DAMAGES**[1]

On January 12, 2021, Tracy Jefferies filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration ("SIRVA") as a result of a tetanus-diphtheria-acellular pertussis ("Tdap") vaccine that was administered on August 1, 2019. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On January 24, 2023, a ruling on entitlement was issued, finding Petitioner entitled to compensation for SIRVA. On April 13, 2023, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $65,098.07 (comprised of $65,000.00 in pain and suffering and $98.07 in out-of-pocket expenses). Proffer at 1.

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

In the Proffer, Respondent represented that Petitioner agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $65,098.07 (comprised of $65.000.00 in pain and suffering and $98.07 in out-of-pocket expenses) in the form of a check payable to Petitioner.** This amount represents compensation for all damages that would be available under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| TRACY JEFFERIES,<br><br>        Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>        Respondent. | No. 21-676V (ECF)<br>Chief Special Master Corcoran<br>SPU |

**RESPONDENT'S PROFFER ON AWARD OF COMPENSATION**

On January 23, 2023, respondent conceded that entitlement to compensation was appropriate under the terms of the Vaccine Act. ECF No. 35. On January 24, 2023, Chief Special Master Corcoran issued a Ruling on Entitlement, finding that petitioner was entitled to vaccine compensation for her SIRVA. ECF No. 36.

**I. Items of Compensation**

  A. <u>Pain and Suffering and Out-of-Pocket Expenses</u>

Respondent proffers that petitioner should be awarded **$65,000.00** in pain and suffering and **$98.07** in out-of-pocket expenses. *See* 42 U.S.C. § 300aa-15(a)(4). Petitioner agrees.

These amounts represent all elements of compensation to which petitioner is entitled under 42 U.S.C. § 300aa-15(a).[1] Petitioner agrees.

**II. Form of the Award**

The parties recommend that compensation provided to petitioner should be made through

---

[1] Should petitioner die prior to the entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering.

a lump sum payment of **$65,098.07**, in the form of a check payable to petitioner. Petitioner agrees.

    Petitioner is a competent adult. Evidence of guardianship is not required in this case.

    Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

C. SALVATORE D'ALESSIO
Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

ALEXIS B. BABCOCK
Assistant Director
Torts Branch, Civil Division

*/s/ ANDREW J. HENNING*
ANDREW J. HENNING
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
Tel.: (202) 616-4405
Email: andrew.j.henning@usdoj.gov

DATED: April 13, 2023

2